**United States District Court**
**For the Northern District of California**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWION E. THOMPSON, | No. C 05-1264 JF (PR) |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR APPOINT OF COUNSEL; DENYING MOTION FOR SANCTIONS WITHOUT PREJUDICE |
|   v. | |
| D. L. RUNNEL, | |
|     Respondent. | (Docket Nos. 35, 39) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for appointment of counsel and a motion for sanctions. The Court DENIES Petitioner's motion for appointment of counsel (docket no. 35) and Petitioner's motion for sanctions (docket no. 39) without prejudice.

**DISCUSSION**

A.   <u>Motion for Appointment of Counsel</u>

Petitioner moves the Court for appointment of counsel. Petitioner requests that the Court appoint counsel because he is indigent. Petitioner claims that he is incapable of representing himself based upon his ignorance of the law and the legal system. Petitioner

maintains that he is entitled to counsel on appeal under the Sixth Amendment. See Pet.'s Mot. at 1-2. However, the Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired Petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which Petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

     The Court concludes that the interests of justice do not require appointment of counsel at this time. Petitioner has aptly presented his claims so far and the petition is now submitted for the Court's review. This is not an exceptional case that would warrant representation on federal habeas review, as an evidentiary hearing does not appear necessary in the instant case. Accordingly, Petitioner's motion for appointment of counsel (docket no. 35) is DENIED. This denial is without prejudice to the Court's sua sponte reconsideration should the Court find that an evidentiary hearing is necessary upon review of the merits of Petitioner's claims. The Court will review the merits of the petition in a separate written order.

B.  Motion for Sanctions

Petitioner moves the court for sanctions against High Dessert State Prison personnel due to the loss of his legal property, harassment and retaliation. The Court notes that it cannot grant a motion for sanctions or take action against the prison staff, as they are not parties to the present habeas action. Petitioner may choose to proceed with a prison administrative grievance in order to address his complaints of the loss of legal property, harassment, and retaliation. Accordingly, Petitioner's motion for sanctions (docket no. 39) is DENIED without prejudice.

IT IS SO ORDERED.

DATED:  3/17/08

_____
JEREMY FOGEL
United States District Judge

Order Denying Petitioner's Motion for Appointment of Counsel; Denying Motion for Sanctions Without Prejudice
P:\PRO-SE\SJ.Jf\HC.05\Thompson264denatty.wpd         3