**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWION E. THOMPSON, | No. C 05-1264 JF (PR) |
|     Petitioner, | ORDER DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY; DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL WITHOUT PREJUDICE |
|   v. | |
| D. L. RUNNEL, et al., | |
|     Respondents. | (Docket Nos. 46, 47) |

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 31, 2008, the Court denied the petition on the merits and entered judgment in favor of Respondent. On April 28, 2008, Petitioner signed and dated a notice of appeal, a request for a certificate of appealability and a motion for appointment of counsel on appeal. For the reasons set forth below, the Court will DENY the request for a certificate of appealability and DENY the motion for appointment of counsel.

///

## DISCUSSION

Petitioner has filed a request for a certificate of appealability. A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). Slack, 120 S. Ct. at 1603. In Barefoot, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." Barefoot, 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original). Any doubts about whether the Barefoot standard has been met must be resolved in petitioner's favor. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

The Court denied the instant petition because Petitioner failed to show any violation of his federal constitutional rights in the underlying state criminal proceedings. Petitioner has failed to demonstrate that jurists of reason would find it debatable whether this Court was correct in its ruling.

Order Denying Petitioner's Request for Certificate of Appealability; Denying Motion for Appointment of Counsel on Appeal Without Prejudice
P:\PRO-SE\SJ.Jf\HC.05\Thompson264coadenmisc.wpd    2

United States District Court
For the Northern District of California

Accordingly, Petitioner's request for a certificate of appealability (docket no. 46) is DENIED. Based upon the Court's denial of a certificate of appealability, Petitioner's motion for appointment of counsel on appeal (docket no. 47) is DENIED without prejudice.

**CONCLUSION**

Petitioner's request for a certificate of appealability (docket no. 46) is DENIED. Petitioner's motion for appointment of counsel on appeal (docket no. 47) is DENIED without prejudice. Petitioner may renew his requests with the Court of Appeals. The Clerk of Court shall transmit the file, including a copy of this order, to the Court of Appeals. See Fed. R. App. P. 22(b).[1]

IT IS SO ORDERED.

DATED: 5/8/08

_____
JEREMY FOGEL
United States District Judge

---

1. Petitioner may then ask the Court of Appeals to issue the certificate, see Fed.R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, see Fed.R.App.P. 22(b)(2).